No. 8377.

WHITE ET AL. *v.* ALLEN.

WILL.—*Construction.—Tenants in Common.—Partition.*—A will contained the following clauses: "*First.* I give and bequeath to my son, N. T.," certain real estate, describing it. "*Second.* ⁂ ⁂ To my daughter, A. A., twenty-five dollars in money. *Third.* ⁂ ⁂ To my beloved wife, R. T., all my land or real estate, of every description whatever, that I own at my death (not devised or given away in this will); also, all my personal property, ⁂ ⁂ to have, use and control during all her natural lifetime, and after her death ⁂ ⁂ to my six children, ⁂ ⁂ except that my son, N. T., is to have an equal share in the personal property with the other children; if any of my said seven children shall die without bodily heirs, then the others to have the share or shares, both real and personal, of the deceased ones, equally divided."

*Held,* that the third clause does not affect any property disposed of by the first and second clauses.

*Held,* also, the testator having died leaving a widow and eight children, that upon the death of the widow and N. T. without issue, and subsequently the death of M. T., a son named in the will, leaving an only child, J. T., the land devised by the first clause of the will to N. T. belongs to A. A., J. T., the daughter of M. T., and the brothers and sisters of N. T. as tenants in common, each entitled to a one-seventh part thereof.

From the Perry Circuit Court.

*C. H. Mason,* for appellants.

*C. A. DeBruler, E. R. Hatfield* and *W. Henning,* for appellee.

BICKNELL, C. C.—The appellee, a daughter of Nathaniel H. Thomas, brought this suit for partition against the appellants, who were brothers and sisters, and the only child of her deceased brother. The complaint demanded partition

of fifty-six acres of land, and twenty-three and three-quarters acres of land; the appellee claimed to be entitled to one-seventh part of said lands. There was a trial by the court, followed by a finding and judgment for the appellee, and an appeal to this court.

The parties agree that the only question in the case arises upon the construction of the will of said Nathaniel H. Thomas. The appellants say in their brief: "If the court below did not err in its judgment in construing the will, there is no error worthy of any attention, unless the court shall think the language of the will sufficiently ambiguous and uncertain to authorize the admission of the parol testimony offered by the appellants to explain it, and rejected by the court." There was no ambiguity or uncertainty in the will, and the parol testimony was properly excluded.

The appellee claimed that the lands aforesaid were devised by said will to her brother Nathaniel, and upon his death descended so that the appellee and the appellants became tenants in common, each entitled to one-seventh part thereof.

The appellants claimed that said lands were not devised to Nathaniel, the son, in fee, but in case of his death were to go to the appellants, and that the appellee was entitled to nothing under the will except a legacy of twenty-five dollars.

It was agreed that Nathaniel H. Thomas died on January 23d, 1879, leaving a widow Rebecca, and eight children, to wit: the appellants, Lydia A. White, George W. Thomas, Columbus Thomas, Clemency A. Harris, Eliza J. Roff, and two others, viz., Nathaniel and Marion J.

The will contained the following provisions:

"First. I give and bequeath to my son, Nathaniel Thomas,"—then follows a description by metes and bounds of both of the aforesaid tracts of land.

"Second. I give and bequeath to my daughter, Amanda Allen, twenty-five dollars in money." This was a legacy to the appellee, whose name was Sarah Amanda Allen.

"Third. I give and bequeath to my beloved wife, Rebecca Thomas, all my land or real estate, of every description whatever, that I own at my death (not devised or given away in this will); also, all my personal property, including money, notes, accounts and effects, of whatever name or nature (except what is given and bequeathed in this will), to have, use and control during all her natural lifetime, and after her death all of said property that yet remains, both real and personal, I do hereby give and bequeath," etc.

These words, "after her death all of said property that yet remains, both real and personal," refer exclusively to the property just mentioned in said third clause, and not to any other property elsewhere in the will disposed of. The use of the words "after her death" shows that the reference is to property which had been hers for life, and not to property given to others absolutely in the first and second clauses of the will, and in which she had no estate for life.

The will means that the real and personal property, given to the wife for life, shall, after her death, go to others, and the will proceeds thus : " To my six children, to wit, Marion J. Thomas, Lydia Ann White, George W. Thomas, Columbus Thomas, Clemency Ann Harris, and Eliza J. Roff, to be equally divided between them six, share and share alike." Thus far the appellee and the son, Nathaniel, are cut off from any participation in the property given to their mother for life ; but the will proceeds : " except that my son, Nathaniel Thomas, is to have an equal share in the personal property with the other children, except what Mary Gilbert now owes me, he is not to have any share in that." Here the will gives the son, Nathaniel, an equal interest, after his mother's death, in the personal property she had for life, but not in the real estate she had for life. And then the will says : " If any of my said seven children," that is, the six named in this third clause of the will, and Nathaniel, leaving out the appellee, naming the seven only who are to take the " said property," that is, the property given to their mother for life, " shall die without

White *et al. v.* Allen.

bodily heirs, then the others to have the share or shares, both real and personal, of the deceased ones, equally divided, share and share alike."

The "shares of the deceased ones," thus to be divided, mean their shares of the property which their mother had for life ; it is that property only which is the subject of disposition in said third clause ; nothing in the third clause has any reference to the property previously disposed of in the first and second clauses.

It was further agreed by the parties, that Nathaniel Thomas, the son, died unmarried, without issue, on February 24th, 1879, about a month after the testator died, and that Marion J. Thomas died on February 28th, 1879, leaving an only child, the appellant Jennie Thomas, and that the widow, Rebecca Thomas, died on March 1st, 1879.

Upon the death of Nathaniel, the son, the property devised to him in clause One of the will descended to his brothers and sisters and mother, she taking one-half and they the other half as tenants in common, under section 3 of the law of descents. On the death of Marion J. Thomas, what he inherited from Nathaniel descended to his only child, the appellant Jennie Thomas. On the death of the widow, the realty and personalty held by her for life, under clause Three of the will, went to the surviving children, except the appellee, and to the granddaughter Jennie, in equal shares, and the one-half of the property, taken by Nathaniel, the son, under the first clause of the will, and which descended to his mother, the widow, was inherited upon her death by the appellee and the appellants, in equal shares, so that after the death of said Rebecca Thomas the appellee and the appellants were tenants in common of said fifty-six acres and of said twenty-three and three-fourths acres, each entitled to one-seventh part thereof.

The judgment of the court below ought, therefore, to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellants.